[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR STAY OF SUSPENSION ANDREINSTATEMENT OF LICENSE
The plaintiff moves for a stay of suspension and reinstatement of motor vehicle operators license.
The Commissioner of Motor Vehicles suspended the plaintiff-appellant's motor vehicle license for a period of one year because of the plaintiff's refusal to take a clinical alcohol test under General statutes § 14-227b. A one year suspension is applicable if ". . . . such person has previously had his license or non-resident operating privilege suspended under this section". General statutes § 14-227b (h) (2). Otherwise the period of suspension for refusal to submit to a test is six months. The defendant in this motion for a stay, does not contend that the enhanced period of suspension. one year, rather than a first occurrence six months, is a reason for appeal.
The criteria which is applied by the court in determining a motion for stay pending appeal is a "balancing of the equities test". Griffin v. Commission on Hospitals and Health Care,195 Conn. 451, 459, 460 (1995). In arriving at such determination the court may take into consideration such factors as "(1) the likelihood that the appellant will prevail; (2) the irreparable injury to be suffered from immediate implementation of the agency order (3) the effect of a stay upon other parties to the proceeding, and (4) the public interest involved." Griffin, supra, P. 456.
The defendant argues that the police officers had no cause to request a second and different test, a urine test, after the CT Page 13701 plaintiff had successfully passed the breatholator test. General Statutes § 227a(c)(5) permits the investigating officer to require "an additional clinical test of a different type . . . to detect the presence of a drug or drugs other than or in addition to alcohol . . . ."
The administrator determined that the arresting officer had a factual basis for requesting the chemical test of a different type, and it appears that the conclusion has full support in the record. The defendant has not demonstrated, for the purposes of this motion, nor can the court find, that there is a likelihood
that the appellant will prevail. There is no indication that the plaintiff will suffer irreparable injury due to the license suspension, beyond the customary inconvenience caused to most persons whose licenses are suspended. In circumstances such as this there is a compelling public interest. The hazard posed to the public by persons who operate vehicles when their ability to operate is impaired, is clear and obvious. Failure to cooperate in the testing process, both for the protection of the public and for the protection of the operator himself to determine whether his right to continuous operation of vehicles on the public highway presents a serious public hazard is obvious. The added danger to the public in circumstances whereby the operator has in the past engaged in activity which has resulted in prior license suspension (General statutes § 14-227b(h) would indicate that the unwillingness of the operator to conduct himself in accordance with the substantive and procedural safeguards enacted by statute, would if anything indicate that his continued operation would produce an enhanced threat to public safety. The granting of a stay in this case would be totally contrary to the public interest involved.
For the reasons set forth herein the motion to stay the suspension and reinstatement of the license is denied.
L. Paul Sullivan, J.